IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA 24-615

Filed 16 April 2025

Wake County, No. 98 CR 102470

STATE OF NORTH CAROLINA

v.

KENNETH LOUIS WALKER

Appeal by Defendant from a recommendation pursuant to N.C. Gen. Stat. § 15A-1380.5 entered 8 February 2024 by Senior Resident Judge Paul C. Ridgeway in Wake County Superior Court. Heard in the Court of Appeals 28 January 2025.

*Attorney General Jeff Jackson, by Assistant Attorney General Benjamin Szany, for the State.*

*Appellate Defender Glenn Gerding, by Assistant Appellate Defender Amanda S. Zimmer, for Defendant.*

WOOD, Judge.

Kenneth Walker ("Defendant") filed a Petition for a Writ of Certiorari on 8 March 2024, which this Court granted on 24 April 2024, seeking to appeal the trial court's recommendation regarding his sentence entered 8 February 2024 pursuant to N.C. Gen. Stat. § 15A-1380.5. For the reasons set forth below, we affirm the trial court's recommendation.

## I. Factual and Procedural Background

Defendant was tried in October 1999 in Wake County Superior Court for the

murder of Stephanie B. Keith on 14 November 1998 in a capital trial. On 20 October 1999, the jury found him guilty of first-degree murder. The State sought the death penalty. On 22 October 1999, the jury recommended a sentence of life imprisonment without parole after concluding the State had not proved the one aggravating factor submitted to the jury. The trial court entered judgment sentencing Defendant to life imprisonment without parole in accordance with the jury's recommendation. On 5 June 2001, Defendant filed an Anders brief on appeal. In an unpublished opinion issued 7 June 2002, this Court determined Defendant's trial was free from prejudicial error and his appeal was wholly frivolous.

On 11 September 2023, Defendant requested that the trial court review his sentence of life imprisonment without parole pursuant to N.C. Gen. Stat. § 15A-1380.5. Under N.C. Gen. Stat. § 15A-1380.5, Defendant became eligible for review of his life sentence on or about 14 November 2023. After careful review and consideration of the trial record, Defendant's record from the Department of Corrections, the degree of risk posed by Defendant to society, and other information contained in the record, Senior Resident Judge Paul C. Ridgeway made his recommendation that Defendant was not entitled to have his sentence altered or commuted on 8 February 2024. On 10 April 2024, Defendant filed a pro se Petition for Writ of Certiorari to this Court. On 24 April 2024, this Court allowed certiorari and remanded the matter to the trial court for a hearing to determine whether Defendant is indigent and entitled to court appointed counsel. On 29 April 2024,

Judge Ridgeway entered an order finding Defendant was indigent and entitled to appointment of counsel and on 13 May 2024 appellate entries were entered finding Defendant indigent and appointing the Appellate Defender's Office to represent him.

## II.    Analysis

On appeal, Defendant raises three issues: the trial court abused its discretion by concluding Defendant's sentence should not be altered without making findings of fact; the trial court erred by failing to consider the trial record; and the trial court abused its discretion by not conducting a hearing during its review of Defendant's sentence.

In 1994, the North Carolina General Assembly enacted N.C. Gen. Stat. § 15A-1380.5 in response to the addition of life imprisonment without parole to North Carolina sentencing practices.  From 1994 to 1998, the statute provided that "[a] defendant sentenced to life imprisonment without parole is entitled to review of that sentence by a resident superior court judge for the county in which the defendant was convicted after the defendant has served 25 years of imprisonment."  N.C. Gen. Stat. § 15A-1380.5 (b) (1994) (repealed 1998).

Defendants sentenced to life imprisonment without parole for offenses committed between 1 October 1994 and 1 December 1998 remain entitled to review of their sentences after serving 25 years of imprisonment.  *Id., see also State v. Young*, 369 N.C. 118, 124, 794 S.E.2d 274, 278-79 (2016) (cleaned up).  A trial court's recommendation under N.C. Gen. Stat. § 15A-1380.5 is "reviewed on appeal only for

an abuse of discretion." N.C. Gen. Stat. § 15A-1380.5 (f) (1994) (repealed 1998).

N.C. Gen. Stat. § 15A-1380.5 states in its entirety:

(a) For the purposes of this Article the term "life imprisonment without parole" shall include a sentence imposed for "the remainder of the prisoner's natural life."

(b) A defendant sentenced to life imprisonment without parole is entitled to review of that sentence by a resident superior court judge for the county in which the defendant was convicted after the defendant has served 25 years of imprisonment. The defendant's sentence shall be reviewed again every two years as provided by this section, unless the sentence is altered or commuted before that time.

(c) In reviewing the sentence the judge shall consider the trial record and may review the defendant's record from the Department of Correction, the position of any members of the victim's immediate family, the health condition of the defendant, the degree of risk to society posed by the defendant, and any other information that the judge, in his or her discretion, deems appropriate.

(d) After completing the review required by this section, the judge shall recommend to the Governor or to any executive agency or board designated by the Governor whether or not the sentence of the defendant should be altered or commuted. The decision of what to recommend is in the judge's discretion.

(e) The Governor or an executive agency designated under this section shall consider the recommendation made by the judge.

(f) The recommendation of a judge made in accordance with this section may

be reviewed on appeal only for an abuse of discretion.

N.C. Gen. Stat. § 15A-1380.5 (1994) (repealed 1998).

"It is a bedrock rule of statutory interpretation that if the statutory language is clear and unambiguous, the court eschews statutory construction in favor of giving the words their plain and definite meaning." *Belmont Ass'n v. Farwig*, 381 N.C. 306, 313, 873 S.E.2d 486, 490 (2022) (cleaned up). N.C. Gen. Stat. § 15A-1380.5 clearly and plainly lays out the requirements for the trial court when reviewing a defendant's sentence. After serving 25 years of imprisonment: (1) the defendant must receive a review; (2) the review must be completed by a superior court judge; (3) the judge must review the trial record; (4) the judge must make a recommendation; (5) the recommendation must be considered; and (6) the recommendation can only be reviewed for an abuse of discretion. N.C. Gen. Stat. § 15A-1380.5 (1994) (repealed 1998).

Our Supreme Court has held that N.C. Gen. Stat. § 15A-1380.5 "guarantees no hearing, no notice, and no procedural rights." *State v. Young*, 369 N.C. 118, 124, 794 S.E.2d 274, 279 (2016). It "requires only that the judge consider the trial record and notes that the judge may review other information in his or her discretion." *Id.* (cleaned up).

Similarly, N.C. Gen. Stat. § 15A-1380.5 does not require the reviewing resident superior court judge to issue an order with findings of fact or conclusions of law. The statute requires only a recommendation to be made. "[I]n effectuating legislative

intent, it is the duty of the courts to give effect to the words actually used in a statute and not to delete words used or to insert words not used." *State v. Watterson*, 198 N.C. App. 500, 505, 679 S.E.2d 897, 900 (2009). In North Carolina, a court order, generally, must be in writing and contain findings of fact and conclusions of law that are supported by evidence. The findings must be sufficiently detailed to demonstrate that the court properly considered the relevant issues and evidence. The conclusions of law must logically follow from the findings of fact, and the judgment must be based on these conclusions. This progression ensures that appellate courts can review the order for legal sufficiency. *See Sunshine v. Sunshine,* 294 N.C. App. 289, 292, 903 S.E.2d 352, 256 (2024); *see also State v. Edwards,* 286 N.C. App. 306, 308, 879 S.E.2d 391, 393 (2022). Had the legislature intended for findings of fact and conclusions of law to be required it could have chosen to require the reviewing judge to issue orders, rather than recommendations, as they have in numerous other statutes. *See* N.C. Gen. Stat. §1A-1, Rule 52; *see also* N.C. Gen. Stat. § 7B-906.2(d).

This Court reviews recommendations made pursuant to N.C. Gen. Stat. § 15A-1380.5 for abuse of discretion. N.C. Gen. Stat. § 15A-1380.5(f) (1995) (repealed 1998). "An abuse of discretion occurs when a trial court's ruling is so arbitrary that it cannot be the result of a reasoned decision. A trial court also abuses its discretion when it makes an error of law." *In re McClatchy Co.* 386 N.C. 77, 92, 900 S.E.2d 765, 776 (2024) (cleaned up). Based on this discretionary standard of review paired with the

limited effect inherent in a mere recommendation, our Supreme Court in *Young* recognized,

> [u]ltimately, the decision of what to recommend is in the judge's discretion, and the only effect of the judge's recommendation is that the Governor or an executive agency designated under this section must "consider" it. Because of these provisions, the possibility of alteration or communication . . . is deeply uncertain and is rooted in essentially unguided discretion.

*State v. Young,* 369 N.C. 118, 124-25, 794 S.E.2d 274, 279 (2016) (cleaned up). As such, when the trial court has followed the statutory requirements of N.C. Gen. Stat. § 15A-1380.5 and its recommendation is reasonably supported by the record review there is no abuse of discretion.

In the case *sub judice,* the trial court clearly stated it had considered "the record proper" and the submissions of the State and Defendant during its review. It further stated that the court "has considered the trial record, the Defendant's record from the Department of Corrections, the degree of risk to society posed by the defendant, and such other information contained in the record." The trial court concluded, "[f]ollowing this review, the [c]ourt, in its discretion, recommends that the sentence of the defendant should not be altered or commuted."

Through these actions, the trial court satisfied the requirements of N.C. Gen. Stat. § 15A-1380.5. Further, a thorough review of the record provides ample support for the trial court's decision to recommend that Defendant's sentence not be altered or commuted. Accordingly, we hold the trial court did not abuse its discretion when

making its recommendation without holding a hearing or making explicit findings as it completed the necessary review of the record, and the record supports the trial court's recommendation.

## III.    Conclusion

Pursuant to N.C. Gen. Stat. § 15A-1380.5 when reviewing a defendant's sentence of life of imprisonment without parole, "the judge shall consider the trial record and *may* review . . . any other information that the judge, in his or her discretion, deems appropriate." N.C. Gen. Stat. § 15A-1380.5 (c) (1994) (repealed 1998). Upon completion of the review, the trial court must make a recommendation but is not required to hold a hearing or make explicit findings of fact. The trial court did not abuse its discretion in making its recommendation as the record supports the trial court's recommendation. Thus, the trial court's recommendation is affirmed.


AFFIRMED.

Judges COLLINS and GRIFFIN concur.